UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CHAD MERWIN FEIST,<br><br>           Petitioner,<br><br>    vs.<br><br>BOB DOOLEY, WARDEN,<br><br>           Respondent. | CIV. 16-5031-JLV<br><br>ORDER |

**INTRODUCTION**

Petitioner Chad Feist, appearing *pro se,* filed a motion (Docket 1) pursuant to 28 U.S.C. § 2254 ("2254 Motion") to vacate or set aside his criminal conviction in State v. Chad M. Feist, 9C12000282AO.  The respondent filed an answer opposing the 2254 Motion.[1]  (Docket 14).  Pursuant to a standing order of October 16, 2014, the matter was referred to United States Magistrate Judge Veronica L. Duffy pursuant to 28 U.S.C. § 636(b)(1)(B).  Judge Duffy issued a report recommending the court deny all of Mr. Feist's claims in the 2254 Motion. (Docket 46).  Mr. Feist timely filed his objections.  (Docket 47).  For the reasons stated below, Mr. Feist's 2254 motion is denied.

**ANALYSIS**

The court reviews de novo those portions of the report and recommendation which are the subject of objections.  Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(l).  The court may

---

[1] Respondent acknowledges Mr. Feist's 2254 Motion was timely filed pursuant to 28 U.S.C. § 2244(d)(1).  (Docket 14 at p. 6).

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The court reviewed the record in this case de novo and carefully considered Mr. Feist's objections to the report and recommendation.  (Docket 47).  The court finds Mr. Feist's objections are without merit.

One of Mr. Feist's objections is that his trial attorney knew RR, the victim, which created a conflict of interest in representing Mr. Feist in the state criminal case.  (Docket 47 at p. 7).  The court is unable to find any record in the state habeas file that such a relationship existed.  Even if true, this issue was not raised by Mr. Feist at the state habeas hearing.  See state habeas hearing transcripts, January 15, 2015 and April 30, 2015.[2]  By failing to raise this issue in the state habeas proceeding, Mr. Feist procedurally defaulted on the issue. "If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted. . . . [The federal court] will not review a procedurally defaulted habeas claim because the state has been deprived of an opportunity to address the claim in the first instance."  Barrett v. Acevedo, 169 F.3d 1155, 1161 (8th Cir. 1999).  Mr. Feist's objection is overruled.

Another of Mr. Feist's objections to the report and recommendation is that his trial attorney violated attorney-client confidentiality by permitting the attorney's husband to be present during the discussion of the state's plea offer.

---

[2]An electronic copy of the state records was received from the Fourth Judicial Circuit on June 30, 2016.  The remaining portion of the order which discusses the state habeas proceeding refers to those electronic records.

(Docket 47 at p. 8).   This issue was raised during the state habeas hearing.   See state habeas hearing transcript dated January 15, 2015 ("HT" at pp. 27:13-28:23).   The attorney testified she advised Mr. Feist that her husband was a paralegal and investigator who helped with earlier investigative issues surrounding the suppression hearing.   Id.   The attorney testified she explained that, as her agent, her husband was under the same attorney-client confidentiality obligation as was she as his attorney.   Mr. Feist did not object. Id.   During his testimony at the state habeas hearing, Mr. Feist did not contest or contradict the attorney's testimony on this point.   Id. at p. 39:1-13.

In the state habeas proceeding, the circuit judge entered a memorandum opinion on June 15, 2015.   Habeas Memorandum Decision, Feist v. Dooley, Civ. 14-90 (4th Cir. Jun. 15, 2015); see also state habeas proceedings ("SHP" at pp. 162-186).   The decision did not specifically address the attorney-client confidentiality claim, but ruled:   "Mr. Feist has raised numerous other issues as grounds for habeas relief that are found in the pleadings in this action.   The court finds that all other issues are not supported by the record or the law, or are outside the confines of a habeas corpus case."   (SHP at p. 184).

Magistrate Judge Duffy's report and recommendation reviewed the issues raised by Mr. Feist but not specifically addressed in the state habeas order. (Docket 46 at pp. 16-19).   "Here, the state habeas trial court ruled on the merits of Mr. Feist's claims, even though some of those claims were not individually discussed.   There is no indication of another reason for dismissal, or state-law

3

procedural rule that indicates otherwise." Id. at p. 46 (references omitted). With that explanation, the magistrate judge "examine[d] the state circuit court's memorandum opinion and review[ed] that decision pursuant to the [Anti-Terrorism and Effective Death Penalty Act] standard." Id. at p. 19. Mr. Feist identifies no constitutional error or prejudice which occurred and his objection lacks any merit. 28 U.S.C. § 2254(d)(1). Mr. Feist's objection is overruled.

Mr. Feist's remaining objections are repetitive of the arguments made initially in support of the 2254 Motion and rejected in the report and recommendation. Compare Dockets 1, 2, 10-12, 17-29, 32-35, 41 and 47. Each of the grounds for relief alleged in the 2254 Motion was thoroughly analyzed and rejected by Judge Duffy in the report and recommendation.

The court finds the report and recommendation is an accurate and thorough recitation of the facts and applicable law. The court further finds Judge Duffy's legal analysis is well-reasoned. The court adopts and incorporates the report and recommendation in full and overrules Mr. Feist's objections for the same reasons set forth in the report and recommendation.

## ORDER

Having carefully reviewed the record in this case and good cause appearing, it is

ORDERED that Mr. Feist's objections (Docket 47) are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 46) is adopted in full.

IT IS FURTHER ORDERED that the respondent's motion to dismiss (Docket 16) is granted.

IT IS FURTHER ORDERED that Mr. Feist's petition (Docket 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability. A certificate may issue "only if the applicant has made a *substantial showing* of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (emphasis added).  A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In other words, a "substantial showing" is made if a "court could resolve the issues differently, or the issues deserve further proceedings."  Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).  Mr. Feist has not made a substantial showing of the denial of a constitutional right.

Although the court declines to issue a certificate of appealability, Mr. Feist may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22.  See Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Fed. R. App. P. 22.

Dated March 6, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE